**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| DUNELAND DIALYSIS LLC, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:09-CV-36-RLM-PRC |
| | ) | |
| ANTHEM INSURANCE COMPANIES, | ) | |
| INC. d/b/a ANTHEM BLUE CROSS | ) | |
| BLUE SHIELD, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Anthem's Motion for Stay of Discovery [DE 44], filed by Defendant on March 3, 2010. Plaintiffs filed a response brief in opposition on March 17, 2010, to which Defendant filed a reply brief on March 25, 2010.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 15, 2009, Plaintiffs filed the instant suit against the Defendant in the Tippecanoe Circuit Court, which Defendant removed to this Court on May 7, 2009, alleging that Defendant violated provisions of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, by failing to authorize and disburse payments, or disbursing payments below the contractual amount, to Plaintiffs for dialysis services, and breached its fiduciary duties under ERISA. Plaintiffs also allege claims for breach of contract, unjust enrichment, and violation of the Indiana Prompt Pay Act.

On August 17, 2009, the parties exchanged initial disclosures and, according to Plaintiffs, Defendant did not provide any of the documents referenced in its initial disclosures. On November 6, 2009, Plaintiffs propounded discovery on the Defendant related to its affirmative defenses as well as a request for production of documents related to Defendant's decisions to deny claims and other subjects related to the litigation. Plaintiffs also requested that Defendant produce copies of the

documents that it identified in its initial disclosures and requested that Defendant make arrangements to set up depositions.

At Defendant's request, the parties later agreed to two thirty day extensions of time for Defendant to respond to the discovery requests. During or around October 2009, the parties subsequently agreed to meet to attempt to narrow the issues involved in the instant litigation. The parties further agreed to temporarily postpone depositions pending their meeting.

The meeting was originally scheduled for December 9, 2009, but was cancelled and did not take place until January 21, 2010. The parties were unable to resolve the litigation or narrow the issues involved, but on January 21, 2010, counsel for Plaintiffs, Attorney Bryon J. Benevento, emailed counsel for Defendant indicating that he would like to delay discovery if counsel for Defendant thought that it was likely that the parties could reach a deal within the following two weeks.

Plaintiffs allege that Defendant has failed to produce the information requested in their discovery requests and has only produced one set of documents consisting of approximately 4000 pages. Defendant filed a Motion to Dismiss and brief in support on February 24, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6). In its Motion to Dismiss, Defendant moves to dismiss Plaintiffs' ERISA and breach of contract claims based on lack of standing, failure to state a claim upon which relief can be granted, and Defendant moves to dismiss the unjust enrichment and Indiana Prompt Pay Act claims as being preempted by ERISA. On March 9, 2010, Plaintiffs filed a response brief in opposition to the Motion to Dismiss and a Motion for Leave to File Amend (sic) Complaint. Defendant filed a reply brief on March 19, 2010.

In the instant Motion, Defendant seeks to stay discovery in this matter pending a ruling on the Motion to Dismiss.

**ANALYSIS**

District courts have broad discretion in controlling discovery. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery. *Id.* Although a party's filing of a motion to dismiss may provide for an appropriate circumstance in which to limit discovery, "[t]he filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion." *Simstad v. Scheub*, No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ind. April 29, 2008). Rather, to determine whether a stay of discovery is warranted, the court must look at the individual case. *Id.* A stay of discovery is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is "unlikely to produce facts necessary to defeat the motion," *Id.*, or where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing. *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996).

Defendant filed the instant Motion for Stay of Discovery on March 3, 2010, requesting that the Court stay discovery in this matter pending a ruling on the Motion to Dismiss so that the parties can avoid unnecessary expenditures of time and money in conducting discovery on claims that may ultimately be dismissed. Plaintiffs object to the requested stay on the grounds that Defendant has engaged in gamesmanship by using prior extensions of its discovery response deadlines to set up the instant Motion for Stay and has obtained a de facto stay of discovery, Defendant delayed in bringing its Motion to Dismiss, Plaintiffs will be prejudiced if the stay is granted because they need the requested discovery to fully oppose Defendant's Motion to Dismiss and bolster their existing claims and Plaintiffs will be unable to timely prepare their case for trial. The Court addresses each of these arguments in turn.

First, Plaintiffs argue that Defendant has unnecessarily delayed discovery in this matter and engaged in gamesmanship by using extensions of time to "string the plaintiffs along by promising documents and witnesses that it apparently had no intention of ever producing, particularly when it has failed to provide the plaintiffs or the Court with any prior notice of its intention to file a motion to stay." Pls.' Mem. in Opp., 11. To the extent that Defendant did not comply with Plaintiffs' discovery requests, Plaintiffs failed to file a motion to compel discovery and, until briefing on the instant Motion, failed to notify the Court of any problems that it incurred in discovery. Further, it is undisputed that the parties agreed to stay depositions and other discovery from approximately October 2009 through January 2010, pending the parties' meeting on possibly narrowing the issues in this matter. Defendant filed the instant Motion soon after filing its Motion to Dismiss. Accordingly, based on the record, the Court is unable to conclude that Defendant engaged in gamesmanship or inappropriately used extensions of time to stay its discovery obligations pending its filing of the instant Motion.

Next, Plaintiffs allege that Defendant unnecessarily delayed in filing the Motion to Dismiss by waiting approximately eleven months to do so, and could have challenged the Plaintiffs' Complaint at an earlier time. While Plaintiffs are correct in asserting that Defendant could have filed its Motion to Dismiss at an earlier stage of this litigation, the Court finds no prejudice to the Plaintiffs by Defendant waiting until February 24, 2010, to do so. Between October 2009 and January 2010, the parties attempted to meet to see if they could narrow the issues in this matter and, in light the parties' pending meeting, it would have been impractical for Defendant to file a Motion to Dismiss at that time, especially since the claims sought to be dismissed could have been redefined during the parties' meeting. While Defendant waited eleven months to file a Motion to Dismiss Plaintiffs' Complaint, Plaintiffs cannot claim surprise as Defendant filed its Answer and Affirmative Defenses to Plaintiffs' Complaint on June 12, 2009, raising as affirmative defenses: standing, ERISA

preemption, failure to state a claim upon which relief can be granted, and that Plaintiffs seek remedies outside of ERISA's statutory scheme. Defendant also indicated that it "reserves the right to file a motion to dismiss such claims" in relation to these affirmative defenses. Def.'s Answer, Aff. Def., ¶¶ 3, 6, 7, and 22. Defendant then filed its Motion to Dismiss based on the affirmative defenses raised in its June 12, 2009 Answer. Accordingly, because Defendant previously notified Plaintiffs of its affirmative defenses and that it reserved the right to file a motion to dismiss based on those defenses, Plaintiffs were on notice that Defendant might file a Motion to Dismiss. Therefore, Plaintiffs cannot now claim surprise or prejudice by Defendant's filing of a Motion to Dismiss.

Next, Plaintiffs argue that they will be prejudiced if the stay is granted because they need the requested discovery to fully oppose Defendant's Motion to Dismiss and Plaintiffs will be unable to timely prepare their case for trial. While Plaintiffs contend that they need the outstanding discovery to adequately address issues raised in Defendant's Motion to Dismiss, and bolster their existing claims, the Court notes that the Motion to Dismiss is now fully briefed. In their response brief to the Motion to Dismiss, Plaintiffs substantively responded to Defendant's arguments and did not indicate that they needed additional discovery or an extension of time to adequately respond to the motion. Accordingly, Plaintiffs have failed to provide a ground for denying the stay of discovery based on this argument. *See Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224, at *2 (E.D. Mich. June 19, 2006) (declining to deny a request to stay discovery pending ruling on a motion to dismiss where the plaintiff claimed that he needed discovery to respond to the motion to dismiss, filed a response to the motion, and failed to raise this argument in the response). Because Plaintiffs have fully responded to the Motion to Dismiss, additional discovery is unlikely to produce facts necessary to defeat the motion. *See Simstad*, 2008 WL 1914268, at *1. Further, Plaintiffs' argument

that their ability to timely prepare their case for trial is being jeopardized by the Defendant is also unavailing given that no dispositive motion deadline or trial date has been set in this matter.

Accordingly, because the Motion to Dismiss involves a potentially dispositive threshold issue (standing), may dispose of the instant case, and Plaintiffs have failed to show that additional discovery is needed to oppose the Defendant's Motion to Dismiss or that they will suffer prejudice, the instant Motion is granted. *See Ball v. Oden*, Civil No. 1:CV-09-0847, 2010 WL 598653, at *8 (M.D. Pa. Feb. 17, 2010) (granting a motion to stay discovery pending resolution of a motion to dismiss where discovery was not needed to oppose the motion to dismiss and no prejudice to the plaintiff would result in staying discovery).[1]

## CONCLUSION

Having reviewed the instant Motion, the Court hereby **GRANTS** Anthem's Motion for Stay of Discovery [DE 44] and **STAYS** discovery pending resolution of Defendant's Motion to Dismiss.

SO ORDERED this 6th day of April, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record

---

[1] In support of Plaintiffs' arguments in opposition to the requested stay, they rely primarily on *Inland American (LIP) SUB, LLC v. Lauth*, No. 1:09-cv-00893-SEB-JMS, 2010 WL 670546 (S.D. Ind. Feb. 19, 2010). However, this case is distinguishable as the defendants in that case sought a one-sided discovery stay denying plaintiff the ability to conduct discovery on its claims while permitting the defendants to conduct discovery on their counterclaims, the defendants waited six months before challenging the plaintiff's complaint (while the Defendant here indicated that it reserved the right to file a motion to dismiss in its Answer to the Plaintiffs' Complaint), and the defendants referred to material outside of the pleadings in their brief in support of their motion (whereas, Defendant here does not). *Id.* at *2.